# CARTER · STAFFORD
## ARNETT  HAMADA  MOCKLER

J. Robert Arnett II
214.550.8188 ext. 17
barnett@carterstafford.com

Carter Stafford Arnett
Hamada & Mockler, PLLC

Campbell Centre II
8150 N. Central Expressway
Suite 1950
Dallas, Texas 75206
Tel. 214.550.8188
Fax 214.550.8185

www.carterstafford.com

October 1, 2012

**VIA ECF**

Hon. Renee H. Toliver
United States Magistrate Judge
Northern District of Texas, Dallas Division
1100 Commerce Street, Room 1407
Dallas, Texas  75242

      Re:    *Walker Digital, LLC v. MySpace, Inc., et al.*,
             Misc. Case No. 3:12-mc-00093-O-BK
             (Civil Action No. 1:11-cv-00318-LPS pending in D. Del.)

Dear Judge Toliver:

      Google Inc. respectfully submits this letter in response to the letter to the Court dated September 27, 2012 from Subpoena Respondent IP Navigation Group, LLC ("IP Nav") regarding the Motion To Compel Compliance with Subpoena filed on September 17, 2012 currently pending before this Court.[1]  Google opposes IP Nav's letter to the extent it is a request that this Court abate or stay Google's Motion to Compel in deference to proceedings in the District of Delaware.

      Contrary to the representations by IP Nav, the issues presented in Google's Motion To Compel are not "set to be addressed by the District of Delaware."  The Delaware court does not have jurisdiction to quash or enforce a subpoena validly issued from this District.  *See Assoc. of Am. Physicians & Surgeons, Inc. v. Texas Med. Bd.*, 2008 WL 2944671, at *3 (E.D. Tex. Jul. 25, 2008) ("the Court is bound by the text of Rule 45 which, case law has held and the Court agrees, suggests that only the issuing court has the power to act on its subpoenas").  Google's subpoena sought documents in the possession, custody, or control of IP Nav located within the Northern District of Texas.  *See* ECF No. 3 [App. 0307-0325].

---

[1]    This letter does not address the separate motion to compel filed by Microsoft Corporation against IP Nav on September 12, 2012, Misc. Case No. 3:12-mc-00092-O, in connection with a different underlying case pending in the District of Delaware, *Walker Digital, LLC v. Google Inc., et al.*, Civil Action no. 1:12-cv-00309-SLR, also referenced in IP Nav's September 27, 2012 letter to the Court.  Microsoft has separately filed a letter responding to IP Nav's letter in Misc. Case No. 3:12-mc-00092-O [ECF No. 12 therein].

Hon. Renee H. Toliver
October 1, 2012
Page 2

The plaintiff in the underlying Delaware action, Walker Digital, LLC, is a business partner of IP Nav. Google served Walker Digital with a notice of the subpoena to IP Nav four months ago in accordance with Fed. R. Civ. P. 45. Neither IP Nav nor Walker Digital sought to quash the subpoena. Google included counsel for Walker Digital in all of the correspondence between IP Nav and Google regarding compliance with the subpoena, including those scheduling and confirming the meet and confers between IP Nav and Google. Google further served counsel for Walker Digital with the Motion To Compel filed in this Court. IP Nav has not sought any relief from the Delaware court, nor could it properly do so.

The fact that Walker Digital has also withheld its own relevant documents that Google had requested through party discovery based on Walker Digital's improper assertion of the common interest privilege is among the issues that the Delaware court will hear at the discovery conference referenced in IP Nav's letter, in the event that issue cannot be resolved as a result of meet and confer discussions that have yet to be conducted by Walker Digital and Google in accordance with Delaware local rules. In contrast, the issues raised in Google's Motion pending before this Court, including IP Nav's various improper privilege assertions to withhold documents exchanged with third parties, are properly brought before this Court and ripe for resolution after Google's meet and confer efforts with IP Nav in compliance with Local Civil Rule 7.1(b) have been conducted and been unsuccessful in resolving the dispute.

Finally, even if the discovery conference in Delaware proceeds on the issue of Walker Digital's failure to produce its communications with IP Nav, resolution of that issue by the Delaware court will not be determinative of whether IP Nav can continue to improperly withhold relevant non-privileged documents responsive to a subpoena issued in the Northern District of Texas, such as settlement and licensing related documents shared with other parties. *See* ECF No. 3 [App. 0307-0325].

Accordingly, Google respectfully submits that the recent untimely efforts of IP Nav's business partner, Walker Digital, to interfere with the jurisdiction of this Court in enforcing a validly issued subpoena should not preclude or delay the relief sought by the pending Motion To Compel.

Very truly yours,

J. Robert Arnett II

cc:  Donald Puckett, Esq.
     Amy LaValle, Esq.
     Counsel of record in *Walker Digital, LLC v. MySpace, Inc., et al.*,
     Civil Action No. 1:11-cv-00318-LPS (D. Del.)